# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **GARY BLACKWELL** | ) | |
| Plaintiff, | ) | Civil Action No. 1:09cv00066 |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| **MICHAEL J. ASTRUE**, | ) | |
| **Commissioner of Social Security**, | ) | By: PAMELA MEADE SARGENT |
| Defendant. | ) | UNITED STATES MAGISTRATE JUDGE |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 38) ("the Motion"). This case is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

Gary Blackwell filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2011). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered December 8, 2010, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further consideration. (Docket Item

No. 28.)  Thereafter, this court awarded a fee in the amount of $1,056.25 pursuant the Equal Access to Justice Act, ("EAJA"), 28 U.S.C.A. § 2412(d) (West 2006 & Supp. 2011).[1]  (Docket Item No. 36).  Counsel for Blackwell now has filed a petition seeking approval of a fee of $7,500.00 for representing Blackwell in this court, pursuant to 42 U.S.C.A. § 406(b).  (Docket Item No. 38.)  The Commissioner has responded to the Motion, not objecting to the plaintiff's request for a fee.  (Docket Item No. 40.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ."  42 U.S.C.A. § 406(b)(1)(A) (West 2011).  The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings.  *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Blackwell's counsel has provided the court with a fee agreement dated September 18, 2009, in which Blackwell agreed to pay counsel 25 percent of his Social Security back pay for representing him on his DIB claim if counsel was ultimately successful in pursuing the claim.  (Attachment 1 to Docket Item No.

---

[1] Costs and expenses in the amount of $366.62 also were awarded to Blackwell's counsel.

˜2˜

38). Blackwell's counsel has provided the court with a copy of the Social Security Administration's September 18, 2011, Notice Of Award Letter, which states that it has withheld $10,372.50, or 25 percent, from Blackwell's past-due DIB benefits for payment of an attorney's fee. (Attachment 2 to Docket Item No. 38).

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Blackwell's counsel has supplied evidence that shows that a total of 11 hours was spent in representing Blackwell in this court. Counsel specifies that, of those 11 hours, 4.5 hours were expended by nonattorneys, while 6.5 hours were expended by counsel. The total time expended appears reasonable. I further find that there is no evidence that counsel in any way contributed to a delay in the award of benefits. Also, the Motion requests a total fee of $ 7,500.00.

˜3˜

Counsel does not specify what hourly rate he is seeking for the nonattorney time. However, courts, including this court, have held that $75 is a reasonable hourly rate for nonattorney time. *See Chapman v. Astrue*, 2009 WL 3764009, at *2 (W.D. Va. Nov. 9, 2009) (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour)). At a $75 rate, $337.50 of the requested fee would be payable for nonattorney time. That would leave $7,162.50 for counsel's time, which, if paid for the remaining 6.5 hours of work, would result in a payment of approximately $1,101.92 per hour. While I cannot, in good conscience, find that such an hourly fee in a social security disability case is per se reasonable, I am, as stated above, obliged to consider Blackwell's fee agreement, which allowed for payment of 25 percent of past-due benefits. Additionally, the Government has responded to the Motion and states that it does not object to the award of the requested fee. Considering these things, and in light of the fact that counsel undertook this case under a contingency fee arrangement, assuming the risk of no payment if benefits were not awarded, I find that a total fee of $7,500.00 is reasonable for the attorney's services before this court. I further note that the attorney's fee now sought for services provided before the Social Security Administration does not exceed 25 percent of Blackwell's past-due DIB benefits. In fact, it appears that 25 percent of the past due benefits is $10,372.50, nearly $3,000.00 more than the amount now sought.

Furthermore, an award of fees under 42 U.S.C. § 406(b)(1)(A) is deducted from the claimant's disability benefits, whereas an EAJA award is paid separately by the government. Where attorney's fees are awarded under both provisions, as they have been in this case, the EAJA compensation serves as a reimbursement to

˘4˘

the claimant for fees paid out of the disability award. In such a case, an attorney is not allowed a double recovery, in that the attorney must refund the amount of the smaller fee to the claimant. *See Gisbrecht,* 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 1985 U.S.C.C.A.N. (99 Stat.) 186).

### RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that the court grant the Motion and enter judgment awarding the plaintiff's attorney a fee of $ 7,500.00. I further recommend that the court order Blackwell's attorney to refund to Blackwell the $1,056.25 previously awarded under the EAJA.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2011):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion

of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: March 1, 2012.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

-6-

Case 1:09-cv-00066-JPJ-PMS   Document 41   Filed 03/01/12   Page 6 of 6   Pageid#: 1413